UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANKUS, L.L.C., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-2477 |
| | § | |
| DITECH FINANCIAL, LLC, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court are defendant Ditech Financial LLC's, ("Ditech") motion to dismiss (Dkt. 8) and plaintiff Ankus, L.L.C.'s ("Ankus") motion for leave to amend the complaint (Dkt. 9). Having considered the motions, related filings, and the applicable law, the court is of the opinion that the motion to dismiss (Dkt. 8) should be GRANTED and the motion to amend (Dkt. 9) should be DENIED.

**I. BACKGROUND**

Ankus filed this lawsuit to preclude Ditech from foreclosing on its property located at 17614 Moss Point, Houston, Texas 77077 (the "Property"). Dkt. 1, Ex. 5 at 2. On March 23, 2011, Melizza Mendoza-Ikbal and Nobeel Ikbal executed a promissory note and deed of trust on the Property with Countrywide Home Loans, Inc. *Id.* The deed of trust was later assigned to Ditech. *Id.* In 2016, Ankus purchased the Property at a junior lien foreclosure sale conducted by the Terrannova West Homeowner Association.[1] Dkt. 1, Ex. 5 at 2. Ankus contends it was not notified

---

[1] In its complaint, Ankus does not include the date it purchased the property. Dkt. 1, Ex. 5. However, in its response, Ankus claims it acquired the property on June, 7 2016 through a Constable's Sale. Dkt. 9 at 3.

when Dietch posted the Property for a Substitute Trustee's Sale, scheduled for July 5, 2016. *Id.* On July 1, 2016, after learning about the impending foreclosure sale, Ankus filed its original petition in the 152nd Judicial District Court of Harris County, Texas, to determine whether Ditech had a valid interest in the Property and to obtain a temporary restraining order. Dkt. 1, Ex. 5, 7. Ankus alleges that the Ikbals defaulted on their note in 2007. *Id.* Ankus names Ditech and the Ikbals in the complaint and asserts claims for trespass to try title and removal of cloud on title, arguing the four-year statute of limitations to foreclose on the Property has lapsed. Dkt. 1, Ex. 5 at 2–3. However, Ditech argues that the Ikbals are nominal parties to the litigation and were improperly joined. Dkt. 1 at 2 (Notice of Removal). The record does not show that the Ikbals have been served, and therefore the court finds they are not parties to this suit. Dkt. 1, Ex. 6 (Ditech Return of Service of Process).

Upon removal of the case to federal court based on diversity jurisdiction (Dkt. 1), Ditech filed this motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 8. Ditech alleges that Ankus purchased the Property subject to Ditech's deed of trust and that Ankus has not tendered or attempted to tender the amount due and owed on the loan for the Property. *Id.*; Dkt. 1, Ex. 9 (Def.'s Answer). Within its response, Ankus filed a motion for leave to amend its complaint. Dkt. 9. Ditech filed a reply addressing Ankus's response. Dkt. 10.

## II. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In turn, a party against whom claims are asserted may move to dismiss those claims when the pleader has failed "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To meet this standard, a pleading must offer "enough facts to state a claim to relief that is plausible

on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (holding "naked assertions devoid of further factual enhancement," along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth).

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When considering a motion to dismiss for failure to state a claim, courts generally are limited to the complaint and any attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint, including those made on appeal.").

### III. ANALYSIS

Ankus seeks declaratory judgment that it is the owner of the Property and that the deed of trust is void and barred by the statute of limitations. Dkt. 1, Ex. 5 at 3. Texas law requires that a sale of real property under a power of sale in a mortgage or deed of trust be made no later than four years after the day the cause of action accrues. Tex. Civ. Prac. Rem. Code § 16.035 (West 2002). Acknowledging the four-year limitations period, Ditech counters that Ankus mistakenly relied on the date of the Ikbals' default to begin the limitations period because a "borrower's default does not automatically trigger the limitations period where acceleration is optional at the election of the note holder." Dkt. 8 at 4–5 (citing *Wheeler v. U.S. Bank Nat'l Ass'n*, No. H-14-0874, 2016 WL 554846, at *4 (S.D. Tex. Feb. 10, 2016) (Lake, J.); *see also Khan v. GBAK Prop., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated."). Ditech argues that Ankus did not allege in its complaint that a notice of intent to accelerate or a notice of acceleration were provided to the Ikbals. Dkt. 8 at 5. In its response, Ankus claims that the note was "accelerated as early as 2007 and possibly earlier" and also concedes that "[i]t is highly possible that the note was accelerated at another time," but has not produced any documents or attached exhibits indicating the alleged date of acceleration. Dkt. 9 at 3, 6.

The court finds that Ankus did not include any factual basis for its claims other than providing a conclusory statement that it is entitled to each claim. In its response, Ankus conflates the alleged date of acceleration with the date that the Ikbals defaulted on their mortgage. *Compare* Pl.'s Resp. (Dkt. 9 at 3) *with* Compl. (Dkt. 1, Ex. 5 at 2). The court agrees with Ditech that Ankus has failed to plead sufficient facts that the statute of limitations has lapsed. Without any allegation

of acceleration, Ankus has not made a plausible claim that the limitations period has run and that Ankus is entitled to declaratory relief. *Iqbal*, 556 U.S. at 678.

Ankus also claims, in one-sentence, that it is entitled to relief based on trespass to try title and removal of cloud on title. Dkt. 1, Ex. 5 at 3. However, in its complaint, Ankus failed to provide any factual analysis, legal authority, or plead any elements of these claims. *Id.*

To state a claim for trespass to try title, the plaintiff must allege that the defendant unlawfully entered upon and dispossessed him of such premises, stating the date, and withheld from him the possession thereof. *Serna v. U.S. Bank, N.A.*, No. CIV.A. H-13-2559, 2014 WL 108732, at *2 (S.D.Tex. Jan. 9, 2014) (Werlein, J.) (granting defendant's motion to dismiss a claim for trespass to try title where defendant never withheld possession of the property from plaintiff); *see also Hume v. Le Compte*, 142 S.W. 934, 935 (Tex. Civ.—San Antonio 1911, no writ) ("No doubt can arise, under the various decisions of this state, that a mortgagee cannot sustain an action of trespass to try title based on his mortgage, because neither the title to the land nor the right of possession is in him . . . . Appellant, being a mortgagee, had no possessory right to the land, and without such right she had no foundation for a recovery of the land."). Ankus has not pleaded sufficient facts to support this claim. Dkt. 1, Ex. 5. The federal pleading standard "requires more than labels and conclusions" and Ankus failed to provide any allegations to show it is entitled to relief. *Twombly*, 550 U.S. at 555. The court agrees with Ditech that the plaintiff has the "burden of supplying the proof necessary to establish his superior equity and right to relief" and "must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) (per curiam).

Additionally, Ankus seeks leave to file an amended complaint to "add more specific factual allegations against Defendant." Dkt. 9 at 7. Federal Rule of Civil Procedure 15(a) allows a plaintiff

5

to file one amended complaint as a matter of right when the defendants have not filed a responsive pleading. The Fifth Circuit "follows the prevailing view that a motion to dismiss is not a responsive pleading." *Whitaker v. City of Houston*, 963 F.2d 831, 834–35 (5th Cir.1992); *Lewis v. Fresne*, 252 F.3d 352, 360 (5th Cir. 2001). However, if the proposed amended complaint cannot survive a Fed. R. Civ. P. 12(b)(6) motion, allowing a plaintiff to amend the complaint would be futile. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). Ankus has not pleaded sufficient plausible facts to survive a motion to dismiss, nor has it shown in its motion to amend that amending the complaint would allow it to survive a motion to dismiss. Therefore, Ankus's motion to amend is DENIED. Dkt. 9.

## IV. CONCLUSION

Accordingly, Ditech's motion to dismiss is GRANTED. Ankus's motion to amend is DENIED.

It is so ORDERED.

Signed at Houston, Texas on January 31, 2017.

_____
Gray H. Miller
United States District Judge